AMERICAN FINANCIAL CORP. ET AL., APPELLANTS, *v.* FIREMAN'S FUND INS. CO., APPELLEE.

[Cite as American Financial Corp. v. Fireman's Fund Ins. Co., 15 Ohio St. 2d 171.]

(No. 41148—Decided July 10, 1968.)

*Messrs. Keating, Muething & Klekamp, Mr. John L. Muething* and *Mr. Gary P. Kreider,* for appellants.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. John A. Kiely,* for appellee.

MATTHIAS, J. The question raised is due to the fact that the policy of insurance in the instant case contained the following provision:

"This company shall not be liable for loss resulting from:

"(1) any occurrence taking place more than ten (10) days after the insured had knowledge that an error or accidental omission had occurred * * *."

It is a fundamental rule of law that a contract of insurance prepared by an insurer and in language selected by the insurer must be construed liberally in favor of the insured and strictly against the insurer if the language used is doubtful, uncertain or ambiguous. *Munchick* v. *Fidelity & Casualty Co. of New York,* 2 Ohio St. 2d 303, and *Butche* v. *Ohio Casualty Ins. Co.,* 174 Ohio St. 144. This is especially true where an exception or exclusion from liability is contained in the policy. *Home Indemnity Co.* v. *Plymouth,* 146 Ohio St. 96.

In other words, the insurer, being the one who selects the language, must be specific in its use, and an exclusion from liability must be clear and exact in order to be given effect. In the instant case, the insured has provided that it shall be relieved of liability for any occurrence taking place more than ten days after the insured had knowledge thereof. The insurer knew that it was dealing with a corporation, not an individual, and that corporations necessarily work through individuals, yet it did not define in the policy the persons in such corporation who must have knowledge of the occurrence.

It was incumbent upon the insurer, having used the word, "insured," to define such term. It failed to do so. Thus, in determining this action we must follow the rules set forth in the above-cited cases.

The courts below determined that, even in the absence of a definition of the persons to whom knowledge must be given, that by the doctrine of imputed knowledge, the employer had knowledge of the negligence of its employee and failed to remedy such negligence within the ten-day period.

Thus, the dispositive question is whether the doctrine of imputed knowledge is applicable in this instance, or whether the employer must have actual knowledge of its employee's dereliction before the ten-day clause becomes operative.

It is a basic rule of law that knowledge as to an employer's business received by an employee in the ordinary course of business is imputed to the employer. Although that doctrine is based on the principle that the agent stands in the shoes of the principal, it originated and was designed to protect the interests of third persons and is based on the theory that the knowledge of the employee is of such a nature that in the ordinary course of events he would divulge it to the employer.

This is not the situation in the instant case. There is no third person involved. The controversy is between an insurer and an insured and relates to whether the insurer shall be held liable for a risk it assumed under the policy.

In considering this case, it must be remembered that the insurer agreed to protect the insured against errors or omissions of the insured's employees. The knowledge in the instant case is not such as the ordinary employee would divulge to his employer. It is not the tendency of the average employee to disclose his errors or omissions to his employer. The ordinary employee will either seek to remedy the error or omission without the employer's knowledge or will try to conceal it from him.

Should the doctrine of imputed knowledge extend to knowledge of an employee as to his own failure to perform his duty in determining liability under a policy of insurance which is designed to compensate an employer for losses caused by a failure of an employee to properly perform his duty?

In determining whether the doctrine of imputed knowledge should be applicable to a case of this nature it might be well to consider the purpose of this exclusion clause.

The purpose of such clause is clear. It is to prevent an employer from ignoring such errors of its employees and allow damages to arise which it could have prevented if it had used due diligence. It is designed to prevent an employer from creating liability by its own failure to act.

However, the requirement of diligence cannot be imposed until the employer has actual knowledge of the dereliction so that he may take steps to remedy it. Until he has such knowledge, an employer must assume that his employees are properly performing their duties.

It would be unrealistic to apply the doctrine of imputed knowledge to the policy of insurance in the instant case, which policy was designed to protect an employer from the errors or omissions of his employees.

A similar question has arisen as to fidelity insurance. In such cases, it has been determined that actual notice to the employer is required before the exclusion period becomes operative. The general rule is well set forth in the annotation in 23 A. L. R. 2d 1065, 1076, where it is stated:

"It has been generally held that under a fidelity bond

or policy providing for notice of loss within a specified time after the insured has 'knowledge of,' 'learned of,' 'discovered,' or 'become aware of' a loss or a dishonest act, the insured is not required to act respecting the notice provision until he has actual knowledge of the loss or dishonest act.''

This rule is equally applicable to a policy of ''error or omission'' insurance.

Where the purpose of a policy of insurance is to protect an employer from losses caused by an error or omission in the performance of his duty by an employee, the doctrine of imputed knowledge will not operate to defeat recovery by the employer under the policy where there is an exclusion from liability clause based on notice to the employer and only the employee at fault has actual knowledge as to his own error or omission.

The judgment of the Court of Appeals is reversed and final judgment is entered for the appellants.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.