STRAND, APPELLEE, *v.* STATE FARM INSURANCE CO., APPELLANT.

(No. CA85-11-141—Decided October 20, 1986.)

*Sheldon A. Strand, pro se.*

*Paxton & Seasongood* and *Christopher M. Bechhold,* for appellant.

*Per Curiam.* This is an appeal by defendant-appellant, State Farm Insurance Company, from the judgment of the Area II Butler County Court granting plaintiff-appellee Sheldon A. Strand's motion for summary judgment and awarding him $949.72 plus costs in his action against appellant to recover the value of a stolen motorbike alleged to have been covered by appellee's insurance contract with appellant.

On May 19, 1984, appellee was the owner of a 1983 Honda ATV three-wheeler (hereinafter "motorbike"). On that day, the motorbike was stolen from appellee's home on Millikin Road. In an attempt to obtain insurance coverage for his loss, appellee filed a proof of loss with appellant. However, appellant refused to pay his claim.

On September 24, 1984, appellee filed the instant action for damages alleging his insurance contract with appellant covered the stolen motorbike. On June 3, 1985, appellant filed a motion for summary judgment claiming the stolen motorbike was not covered under appellee's insurance policy due to the following policy language:

"PROPERTY NOT COVERED. We do not cover:

"* * *

"3. any engine or motor propelled vehicle or machine, including the parts, designed for movement on land. We do cover those used solely for the service of the insured location and not licensed for use on public highways."

Based on the policy's language and the depositions of appellee's son, appellee's wife, and appellee himself, that they rode the motorbike on their property for "pleasure," appellant argued the stolen motorbike was not used "solely for the service of the insured location" and, consequently, was not covered by the policy.[1]

On June 18, 1985, appellee filed his own motion for summary judgment claiming the words relied on by appellant — "used solely for the service of the insured location" — are ambiguous, and the fact that appellee and his sons may have enjoyed riding the motorbike on appellee's property does not mean its riding was not done solely for the service of such property. Indeed, appellee argued the motorbike was used to get the mail, to carry the trash to its collection point, and to inspect the roughly one thousand eight hundred feet of fence on and about appellee's three-acre property. Moreover, appellee submitted, during rides about the property, the motorbike's operator could not help but inspect the property and fences, thereby fulfilling every landowner's civil duty to keep his property free of hazards and nuisances.

On September 17, 1985, the Area II County Court filed a decision granting appellee's motion for summary judgment and denying appellant's finding the words, "for the service of the insured location," could be interpreted as meaning to supply recreation to the children of the homeowner.

Appellant appealed.

In its sole assignment of error before this court, appellant claims:

"The trial court erred to the prejudice of defendant-appellant in overruling its motion for summary judgment and granting the plaintiff-appellee's motion for summary judgment."

---

[1] It was not disputed that the motorbike in question was not licensed for use on public highways.

Appellant's assignment of error requires this court to examine the meaning of the phrase "used solely for the service of the insured location." An examination of appellant's policy discloses the word "service" is not defined while the term "insured location" is.

With respect to the notion of "service" to the insured location, appellant suggests the policy was intended to apply only to lawnmowers, rototillers, and snowblowers, that is, machines which perform a useful task in close physical proximity to the land and buildings.

With respect to the definition of "insured location," we can examine the policy's definitions.[2] In doing that we believe two definitions of "insured location" are illustrative of why we find ourselves in agreement with the trial court that the phrase "used solely for the service of the insured location," is ambiguous and subject to a broader interpretation than suggested by appellant.

According to appellant's policy, "insured location" can mean as little as the residential premises itself (subsection a), or as much as five hundred acres of farmland without buildings which is rented to others (subsection i). Included within the policy's definition is another description of "insured location" as an apparently unlimited area of vacant, non-farm land owned by or rented to the insured (subsection e).

While this court finds appellant's policy definition of "insured location" is broad in the sense that it can cover potentially unlimited vacant, non-farm acreage, appellant argues the word "service" should receive a strict, specific, and narrow construction. However, we find that the policy's broadly drawn definition of "insured location" ultimately undermines appellant's position that the phrase "used solely for the service of the insured location" is limited to mowing, tilling, and snowblowing.

It seems to this court that if large chunks of undeveloped, yet non-farm, land are contemplated by the words "insured location," then surely inspection and security measures[3] taken by the insured using motor-propelled vehicles not for use on public highways falls within the term "service of the insured location" as well as maintenance or repair. Indeed, it is difficult to con-

---

[2] "Insured location" according to the definitions section of appellant's policy means:

"a. the residence premises;

"b. the part of any other premises, other structures, and grounds, used by you as a residence or which is acquired by you during the period this policy is in effect for your use as a resident;

"c. any premises used by you in connection with the premises included in 4a or 4b;

"d. any part of a premises not owned by any insured but where any insured is temporarily residing;

"e. vacant land owned by or rented to any insured other than farm land;

"f. land owned by or rented to any insured on which a one or two family dwelling is being constructed as a residence for any insured;

"g. individual or family cemetery plots or burial vaults of any insured;

"h. any part of a premises occasionally rented to any insured for other than business purposes;

"i. 500 acres or less of farmland (without buildings) rented to others."

[3] In light of the fact that this motorbike was stolen, it would seem to be both in the interest of the insured location and appellant that steps be taken to increase this premises's security against trespassers and future thefts. Yet, appellant completely ignores security measures as being something which is of service to the insured location.

ceive of the nature of repairs or maintenance one might perform on vacant, undeveloped land. However, we can easily conceive of a situation where an owner of a large parcel of real estate might well purchase a motorized vehicle both to inspect and examine his land, its surrounding fences and, generally, his entire property for security reasons, as well as, for its maintenance and repair. Appellant appears to suggest, without expressly stating, that appellee can have no such security or inspection interest in his property due to its size. However, that appellee owns but three acres of land does not mean he should be denied the right, personally or through his sons, to inspect and examine his property by using a motorized three-wheel vehicle when the same inspection or examination would not be considered out of the ordinary were a similar, yet larger, tract of land involved.[4]

Appellant also argues this motorbike was purchased for "pleasure." Assuming, *arguendo,* this to be the case, we are not convinced that any pleasure obtained by riding this motorbike somehow deprives its rider of any purpose of serving the insured location. We are provided with no good reason why someone performing an inspection or examination of an "insured location" should not be entitled to do so in a comfortable and enjoyable fashion. The purpose of machinery itself has long been to serve mankind and make the performing of otherwise difficult, time-consuming, or unpleasant tasks more bearable. We can see no reason to ignore that fact here. Accordingly, we find appellant's argument that we should interpret the word "service" narrowly unpersuasive in light of appellant's broad policy definition of "the insured location."

We further find the policy language chosen by appellant is ambiguous. While appellant could have simply said, "We cover motor propelled vehicles used solely *to service*[5] the insured location" (footnote added), thereby suggesting physical proximity to the land or premises itself was the test (as would be the case with lawnmowers, rototillers, or snowblowers), it did not use those words. Instead, it chose a broader formulation — "for the service of the insured location" — thereby suggesting the test is some purpose or goal for which some act is undertaken by a motor-propelled vehicle to aid the broadly defined term of "insured location."

Appellant, having chosen the policy's exclusionary terms without providing even so much as an example of the type of motor-propelled vehicles it was attempting to reclaim from its immediately prior exclusion, is bound by established law to cover ambiguities its policy's language creates. *American Financial Corp.* v. *Fireman's Fund*

---

[4] It is a common sight to see golf carts used daily around buildings with large grounds. Add to this the fact that such large grounds might well have a number of employees traveling about on golf carts and one can see the nature of service to an "insured location" is a much broader term than suggested by appellant.

[5] A number of times in its brief appellant uses the phrase *"to service* the insured location." We believe there is a distinction between the words "to service the insured location" and "for the service of the insured location" in that the former suggests service tied to the insured location itself while the latter suggests a broader form of accommodating any general function or purpose accomplished for or necessary to enjoyment of the insured location.

*Ins. Co.* (1968), 15 Ohio St. 2d 171, 44 O.O. 2d 147, 239 N.E. 2d 33.

We find appellant's sole assignment of error to be without merit and affirm the judgment of the Area II Butler County Court.

*Judgment affirmed.*

KOEHLER, P.J., JONES and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.