**Preston v. Tromm**
*[Cite as 2 AOA 120]*

*Case No. 9-88-31*
*Marion County, (3rd)*
*Decided April 26, 1990*

*Mr. Regis R. Jones, Attorney At Law, 119 West Warren Street, Bucyrus, Ohio 44820 For Appellant.*

*Mr. Donald Taube, Attorney At Law, 159 South Main Street, P.O. Box 218, Marion, Ohio 43302 For Appellee.*

MILLER, J.
This is an appeal by plaintiff, Richard E. Preston, from a judgment of the Marion Municipal Court.

On March 9, 1987, the plaintiff, Richard Preston, filed a complaint against defendants, James E. Tromm and Janet E. Broughton, Executrix for the Estate of William E. Tromm, Sr., in which the cause of action arose out of an automobile accident. The plaintiff alleged that his 1980 Ford truck, while legally parked on Pearl Street in the City of Marion, Ohio, was struck by a 1970 Plymouth Station Wagon, owned by William E. Tromm, Sr., and driven by James E. Tromm, his son. The plaintiff further alleged that James E. Tromm drove the automobile with the consent of his father, William E. Tromm, Sr. It is undisputed that at the time of the accident James E. Tromm did not have a valid driver's license.

An answer to the complaint was filed by William E. Tromm, Sr., and in particular stated that James E. Tromm was specifically prohibited from operating any motor vehicle owned by said William E. Tromm, Sr.

James E. Tromm did not answer and, on December 16, 1987, a default judgment in the amount of $7,534.37 was rendered against him.

At the time of the accident defendant, William E. Tromm, Sr., was insured by Lightning Rod Mutual Insurance Company with automobile liability insurance, policy number LA 340293.

On March 15, 1988, a trial was had concerning the liability of William E. Tromm, Sr. After several witnesses had testified the trial court read into the record an agreement which had been arrived at between the court and counsel wherein the court concluded that James E. Tromm was operating the vehicle at the time of the accident; that he was not operating the vehicle with his father's permission; and that James E. Tromm lived with his family and was a household member "within the applicable terms of this case."

The court further indicated that the argument left three legal issues to be resolved:

1. if James Tromm was a family member, is he covered under the clause of the insurance policy in question that covers family members and imputes permission whether given or not;

2. was he excluded from coverage because of a specific clause in the same policy that denied coverage if the vehicle was driven without permission, and;

3. was he excluded from coverage because he did not have an operator's license and therefore could not be given permission to drive the vehicle under any circumstances.

The parties submitted trial briefs to the court on the issues.

The trial court rendered its judgment on July 5, 1988 providing in pertinent part:

"The final question is whether the 'family member' coverage clause extends to James Tromm, and imposes liability upon William E. Tromm, Sr.'s (deceased) insurer, despite the lack of permission. While no specific exclusion, by endorsement, excludes James Tromm from coverage, he is not specifically a named insured. Thus, there is a conflict between the 'family member' clause and the 'lack of permission' clause. Both must be strictly construed. However, where a particular individual is not a named insured, it seems too strident to require a specific exclusion from coverage be by written endorsement when the policy owner has, in fact, clearly forbidden that same individual to operate the policy owner's vehicle. Thus, in the instant case, where permission to operate the insured's motor vehicle is obviously absent, clearly understood, and made prior to the accident in question, it seems neither logical nor proper to extend liability for the unauthorized acts of a third party to the insured or his insurer.

" * * * ."

Plaintiff appeals setting forth one assignment of error.

"THE TRIAL COURT ERRED IN GRANTING A JUDGMENT THAT EXCUSED THE INSURANCE COMPANY FROM PAYING DAMAGES TO PLAINTIFF'S VEHICLE."

Plaintiff contends that the trial court erred in determining that it was necessary for there to be permission by the insured to drive a vehicle for a family member to be covered under the insurance policy in question.

The plaintiff argues that a proper construction of the terms of the policy as to "family member" and "any person" would allow recovery under the liability coverage of the policy, notwithstanding the absence of permission between James Tromm and the insured, William Tromm, Sr.

For an interpretation of the terms "family member" and "any person" this court must look to the policy of insurance itself. In its coverage for automobile insurance, the policy as pertinent provides:

"*DEFINITIONS:*

"'*Family member*' means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

" * * *

"PART A - *LIABILITY COVERAGE*
"*INSURING AGREEMENT*

"We will pay damages for bodily injury or property damage for which any *covered person* becomes legally responsible because of an auto accident. * * *

"'*Covered person*' as used in this Part means:

"1. You or any *family member* for the ownership, maintenance or use of any auto or *trailer*.

"2. *Any person* using your covered auto.
" * * *

"*EXCLUSIONS*

"A. We do not provide Liability Coverage for *any person:*
" * * *

"8. Using a vehicle without a reasonable belief that that person is entitled to do so. (Emphasis added).

It is well settled in Ohio that insurance contracts, prepared by an insurer and in language selected by the insurer, are to be strictly construed against the insurer and liberally construed in favor of the insured if the language used is doubtful, uncertain or ambiguous. *American Financial Corp.* v. *Fireman's Fund Ins. Co.* (1968), 15 Ohio St. 2d 171, 173. This rule of construction is especially relevant where exceptions and exclusions from liability are contained in a policy and are at issue. *American Financial Corp., supra.*

*State Automobile Mutual Ins. Co.* v. *Hawk* (1986), Stark App. No. CA-6751, unreported, a case similar to the one before this court, dealt with a sixteen-year-old driving an automobile owned by his mother, without her permission, which collided with another vehicle.

The issue before the court was whether the son was subject to the exclusionary language contained in the mother's automobile insurance policy.

The Court found the following:

"The relevant portions of the insurance contract in the case *sub judice* provide the following:

"*PART A - LIABILITY COVERAGE.*

"We will pay damages for bodily injury or property damage for which any *covered person* becomes legally responsible because of an auto accident. * * *

"'*Covered person*' as used in this Part means:

"1. You or any *family member* for the ownership, maintenance or use of any auto or *trailer*.

"2. Any person using *your covered auto.*
" * * * ."

"Insurance Agreement, Part A - Liability Coverage, page 1 (emphasis original).

"The policy contains a number of exclusions, the pertinent one being the following:

"*EXCLUSIONS*
" * * *

"11. For any person using a vehicle without a reasonable belief that the person is entitled to do so.

"Insurance Agreement, Part A, Exclusions, page 2.

"Thus, the scope of coverage includes

"(1) the insured;

"(2) any family member; and

"(3) any person using the covered auto.

"We conclude that the 'any person' clause, used to define the scope of coverage, is an omnibus clause referring to third persons other than the insured and his or her family. 'Any person' is this context, means 'any *other* person.'

"John R. Rogers, Jr., the son of the insured, is included in the class of 'family members' and not that of 'any person.'

"The 'any person' exclusion clause when read *in pari materia* with the 'any person' coverage clause, must also mean 'any *other* person' other than the insured and his or her family member. Any other reading of the clause does violence to the intentions of the parties as well as lead to bizarre results. As professor, now judge, Robert E. Keeton has written:

"'The objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations.'

"Keeton, supra, at 351, 6.3(a).

"* * * *."

We must determine what may reasonably have been understood, and thus intended, from the policy as a whole, giving each part thereof a proportionate significance and the words and phrases used in the policy their usual and natural meaning. See *Gomolka* v. *State Auto. Mut. Ins. Co.* (1982), 70 Ohio St. 2d 166, 173.

Applying the rationale of the *State Automobile Mutual Ins. Co.* v. *Hawk* case, with which we are in accord, we conclude that defendant James E. Tromm was covered under the "family member" clause contained in the liability coverage provision of the insurance policy at the time of the accident.

The defendant, however, relies on the case *Gulla* v. *Reynolds* (1947), 151 Ohio St. 147 to support his argument that permission is required for a family member to be covered under the policy. The *Gulla* case is distinguishable in that the case first deals with automobile insurance and third-party relationship, not a family relationship. Second, the *Gulla* court did not address a specific definition section in the insurance

policy which defined important terms, as found in this case. Lastly, the *Gulla* court was primarily concerned with the issue of liability when there is a deviation or departure from the original permission granted.

Further, the defendant contends that there is no evidence that James E. Tromm was a "family member" under the terms of the insurance policy at the time of the accident. The trial court found that James Tromm was a "family member", the record supports that James Tromm was a "family member" under the insurance policy and any conflict in the evidence was to be resolved by the trier of fact.

We, therefore, conclude that defendant, James E. Tromm, was within the scope of liability coverage as a "family member" and, therefore, whether the defendant had permission or had a reasonable belief that he was entitled to use the insured's vehicle at the time of the accident is of no consequence. Such a determination need only be made, under the terms of the insurance policy, when concerned with the "any person" permission of the policy which we conclude does not refer to a "family member".

For the reasons set forth above, the judgment of the trial court is reversed and the case remanded to that court for further proceedings according to law.

*Judgment reversed and
cause remanded.*

SHAW, P.J., and BRYANT, Concur.