**Grange Mut. Casualty Co.**
v.
**Leading**
*[Cite as 8 AOA 509]*

*Case No. 90AP-115*

*Franklin County, (10th)
Decided December 4, 1990*

*Patrick F. Smith and Pamela B. Browning, Schottenstein, Zox & Dunn, for Appellee.*

*Charles E. Brant, J. Stephen Teetor and David G. Jennings, Isaac, Brant, Ledman & Becker, for Appellants.*

REILLY, P.J.

This appeal arises from a declaratory judgment action filed by plaintiff, Grange Mutual Casualty Company, against defendants Wayne and Connie Leading, the insureds under an automobile policy issued by plaintiff. The trial court granted summary judgment in favor of plaintiff.

Defendants appeal and assert three assignments of error:

"I. The trial court erred at law in sustaining appellee's motion for summary judgment and in denying appellants' motion for reconsideration on the basis that appellants did not make a timely demand for arbitration under the ambiguous uninsured motorist coverage contained in the Grange Mutual Insurance policy.

"II. Appellee waived its rights under the policy by acknowledging its liability to the Appellants to pay uninsured motorist benefits and by conducting extensive negotiations.

"III. The trial court lacked jurisdiction in this case because venue in Franklin County was improper, and the court erred in denying appellants' July 19, 1988 motion for change of venue."

Plaintiff filed a complaint for declaratory relief, seeking a declaration that plaintiff was not obligated to provide uninsured motorist coverage to defendants because defendants had failed to file a timely demand for arbitration as required by an express condition precedent in the policy. Defendants counterclaimed, alleging that they were entitled to

uninsured-motorist coverage under Part C, Coverage U of their policy.

Plaintiff then filed a motion for summary judgment. Defendants responded with a memorandum in opposition to summary judgment.

The trial court determined that plaintiff was entitled to summary judgment because defendants failed to demand arbitration or file an action against plaintiff within the two years provided for in the policy. The trial court specifically quoted the language of Endorsement A-114, which states in pertinent part:

"No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto the insured or his legal representative has fully complied with all of the terms of this policy and unless same is commenced within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred."

Further, the court found there was no evidence that plaintiff waived the condition. The court wrote:

"In this case there is no evidence in the records that plaintiff had entered into settlement negotiations which would rise to the level of acknowledging liability as was the case in *Hounshell [v. American States Ins. Co.* (1981), 67 Ohio St. 2d 427]. A letter dated January 17, 1986 from plaintiff's agent to defendant's attorney indicates that settlement negotiations may have been forthcoming but no settlement negotiations were in fact documented by defendants nor was plaintiff's representative deposed to document formal negotiations which are alleged to have taken place. As noted not all offers of settlement constitute waivers of the time limitation. *Hounshell* at 433.

"The Court concludes that type of negotiations sufficient to constitute a waiver of the time limitation set forth in the policy of insurance did not occur herein as a matter of law. Defendants were obligated to comply with the two year time limitation required as a condition precedent to recovery by the insurance policy."

Because the Supreme Court declared Endorsement A-114 unenforceable in *Lane v.*

*Grange Mut. Cas.* (1989), 45 Ohio St. 3d 63, defendants filed a motion for reconsideration in the trial court on September 26, 1989, prior to the court's entry of judgment. Plaintiff opposed the motion. Defendants filed a reply memorandum and another affidavit on November 13, 1989.

The court rendered a decision on November 14, 1989. The court wrote:

"As noted earlier, the defendants have moved this Court to reconsider its prior decision sustaining the plaintiff's motion for summary judgment. The defendants argue, in support of their motion, that the statute of limitations contained in the policy of insurance is unclear and ambiguous.

"The statute of limitations contained in the policy clearly states that the suit against the insurer on the demand for arbitration must be filed *within two years of the accident.* There is nothing unclear or ambiguous about this policy provision. Consequently, defendants' motion to reconsider is DENIED. \*\*\*" (Emphasis added.)

Therefore, the trial court entered judgment and defendants appealed to this court.

In their first assignment of error, defendants contend that the trial court erred in granting summary judgment for plaintiff on the basis of Endorsement A-141. Defendants make several arguments in support of this assignment of error. First, defendants assert that Endorsement A-141, which was relied upon by the trial court, was not a part of their insurance policy because it was never sent to them. Second, defendants contend that Endorsements A-114 and A-141 conflict, thus involving an ambiguity which must be construed in favor of the insured. Last, defendants maintain that, since the policy does not specify how to commence or demand an action in arbitration, the policy is ambiguous.

Considering the evidence properly before the court, a genuine issue of material fact exists as to whether defendants received and assented to the endorsement. Plainly, it "\*\*\* is a long-standing principle of law that an insurance policy is a contract, and that the relationship between the between insurer and the insured is purely contractual in nature. \*\*\*" *Nationwide Mut. Ins. Co. v. Marsh* (1984), 15 Ohio St. 3d 107, 109 [citing *Ohio Farmers Ins. Co. v. Cochran* (1922), 104 Ohio St. 427]. Thus, endorsements must be mutually agreed upon to be effective in accordance

with contract principles. *Id.* There must be assent or a meeting-of-the-minds to an endorsement. A genuine issue is presented in this regard.

As to defendants' argument that the policy was ambiguous, we adopt the principles of *Lane, supra.* In *Lane,* the Supreme Court found plaintiff's Endorsement A-114 unenforceable. The court wrote:

"Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St. 3d 208, 519 N.E.2d 949, syllabus; *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St. 3d 34, 31 OBR 83, 508 N.E. 2d 949, syllabus; *Buckeye Union Ins. Co. v. Price* (1974), 39 Ohio St. 2d 95, 68 O.O. 2d 56, 313 N.E. 2d 844, syllabus. The insurer, being the one who selects the language in the contract, must be specific in its use; an exclusion from liability must be clear and exact in order to be given effect. *American Financial Corp. v. Fireman's Fund Ins. Co.* (1968), 15 Ohio St. 2d 171, 44 O.O. 2d 47, 239 N.E. 2d 33." *Id.* at 655. Further, the court held in the syllabus:

"To reduce the time for suit provided by a statute of limitations, an insurance policy must be written in terms that are clear and unambiguous to the policyholder. *(Colvin v. Globe American Cas. Co.* [1982], 69 Ohio St. 2d 293, 23 O.O. 3d 281, 432 N.E. 2d 167, followed.)"

Defendants do not contend that Endorsement A-141's limitations period is too indefinite to be enforced. They argue that the policy is ambiguous because both A-114 and A-141 apply, as stated in the declarations. Defendants maintain that this ambiguity should be resolved in favor of the insured. See *Boyle v. Great-Western Life Ins. Co.* (1985), 27 Ohio App. 3d 85, paragraph one of the syllabus.

The policy is not ambiguous. Though both endorsements indicate that they "amend" or "modify" the policy; significantly, A-141 was written later in time, as evidenced by the date on the left corner of the page. Further, A-141 states that:

"COVERAGE U - UNINSURED MOTORISTS, Condition No. 10, Action Against Company, *is hereby deleted and replaced with* the following:

"10. Action Against Company. No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto the insured or his legal representative has fully complied with all of the terms of this policy and unless same *is commenced within 2 years (TWO YEARS) from the date of accident. Arbitration is commenced by filing a demand for arbitration in accordance with the Accident Claims Arbitration Rules of the American Arbitration Association.*" (Emphasis added.)

Moreover, A-114 reads:

"Condition 10 of Protection Against Uninsured Motorists Coverage is amended as follows:

"10. Action Against Company. No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto the insured or his legal representative has fully complied with all of the terms of this policy and unless same is *commenced within the time period allowed by the applicable statute of limitations for bodily injury or death actions in the state where the accident occurred.*"

Although A-114 states that it applies to "Ohio and Indiana," the delete and replace language is clear and unconditional. Hence, there is no ambiguity. A-141 is the applicable endorsement.

As to defendant's argument that the arbitration provisions are ambiguous, we note that the arbitration section of the policy states in pertinent part:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, upon *written demand* of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof." (Emphasis added.)

The incorporation by reference of the American Arbitration Association Rules in A-141 may pose a similar issue to that addressed in *Lane, supra,* because this involves the extent to which a policy may permissibly create ambiguity by incorporation by reference in the contractual limitations period context. In *Lane,* the Supreme Court found that a reference to the tort statute of limitations is too indefinite for a lay person to know or understand. However, as the policy herein states, a written demand by either party commences arbitration. Thus, there is no ambiguity as the policy provision is plainly stated.

Defendants' first assignment of error is well-taken.

In the second assignment of error, defendants contend that plaintiff waived the contractual limitations period. Therefore, defendants maintain that the trial court erred in granting summary judgment for plaintiff.

In the absence of a contrary statute, a provision in a contract of insurance may limit the time the parties may bring an action on the contract to a time less than the general statute of limitations if the contractual limitations period is reasonable. *Appel v. Cooper Ins. Co.* (1907), 76 Ohio St. 52 (upholding a six-month limitations clause). Such contractual limitations periods have been approved in the uninsured motorist context as well. *Colvin v. Globe* (1982), 69 Ohio St. 2d 293 (upholding a one-year limitation clause).

In *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St. 2d 427, the Supreme Court recognized that an insurer may be found to have waived a contractual limitations period under certain circumstances. The *Hounshell* court wrote in the syllabus:

"An insurance company may be held to have waived a limitation of action clause in a fire insurance policy by acts or declarations which evidence a recognition of liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has expired."

In *Hounshell,* a case involving fire insurance, the insured and insurer had engaged in negotiations after the loss occurred. The insurer made a settlement offer constituting an admission on its part of its pro rata share of the fire loss. Nonetheless, the insurer attempted to deny coverage later because the insured had not filed an action within the applicable contractual limitations period. The Supreme Court held that there was a genuine issue of material fact of waiver and consequently, summary judgment for defendant insurer was inappropriate. The court wrote:

"In determining whether there has been a waiver, we must look to the purpose generally of the statute of limitations as provided by law, and the stance of the parties to an insurance contract who are confronted under the circumstances of a given case with a provision limiting the period for bringing actions on the contract." *Id.* at 40.

Relying on *Bollinger v. National Fire Ins. Co. of Hartford* (1944), 25 Cal. 2d 399, the court rejected a test predicated solely on misleading statements causing the insured to forebear from bringing an action until after the limitations period expired. The court stated:

"We feel that we should view such limitations on the realistic basis under which they were entered into as suggested by the court in *Schafer v. Buckeye Union Ins. Co.* (Ind. App. 1978), 381 N.E. 2d 519, at 522, as follows:

"'By definition, contractual limitations are in derogation of the time period fixed by the legislature for bringing such actions. And they arise from adhesion contracts where the insured rarely, if ever, has a voice in bargaining.

"'We hold that a waiver in these types of cases may occur when the insurer, by its acts or declarations, evidences a recognition of liability under the policy, and the evidence reasonably shows that such expressed recognition of liability and offers of settlement have led the insured to delay in bringing an action on the insurance contract.'" *Id.* at 430-431.

Further, as the *Hounshell* court recognized, the issue of waiver should be "*** confronted under the circumstances of a given case ***." *Id.* at 430.

Even ambiguous settlement conduct on the part of the insured is sufficient to constitute a genuine issue of waiver where there have been negotiations on the claim, an offer or unspecified payments on the claim, and some assurance which would give plaintiff a sense that filing was unnecessary. *Hounshell,*

*supra; Grange Mut. Cas. Co. v. Fodor* (1984), 21 Ohio App. 3d 258.

A genuine issue of material fact was presented herein. The insurer's conduct and communications with the insured presented a reasonable hope of adjustment, construing the evidence most strongly for the nonmoving party.

Defendants' second assignment of error is well-taken.

In their third assignment of error, defendants allege that the trial court lacked jurisdiction because venue in Franklin County was improper and therefore, the court erred in denying defendants' motion for a change of venue. Defendants claim that plaintiff incorrectly predicated venue on the basis of Civ. R. 3(B) (10).

It is undisputed that the accident involving the uninsured motorists claim occurred in Pickaway County. Plaintiff is located in Franklin County. Defendants contend that they reside in Pickaway County. Plaintiff disputes this, claiming that there is no evidence in the record to demonstrate such residence.

Defendants' attorney sent correspondence concerning the claim to Franklin County. Moreover, negotiations occurred in Franklin County with plaintiff's claims representative. There is no evidence of where the contract was entered into.

Venue is a procedural issue unrelated to the question of subject matter jurisdiction. *Morrison v. Steiner* (1972), 32 Ohio St. 2d 86. Proper venue, which relates to the "*** geographic division where the cause can be tried ***," *Id.* at 88, is based on the application of Civ. R. 3(B). Under Civ. R. 3(B) (10), venue is proper where plaintiff resides only if there is no available forum in subsections (1) through (9) of the rule. *Fuller v. Fuller* (1972), 32 Ohio App. 2d 303.

Further, in *Morrison,* the Supreme Court rejected the argument that the list of nine places of venue in Civ. R. 3(B) is in order of sequential priority. The court wrote:

"*** The first nine provisions of Civ. R. 3(B) are on an equal status, and any court specified therein *may* be a proper and initial place of venue. ***" *Id.* at 89. (Emphasis original.)

Resolution of the substantial issues herein will require a consideration of the negotiations by the parties conducted in part in Franklin County. Thus, in the circumstances of this case, there was no error in applying Civ. R. 3(B) (3) to this case.

Defendants' third assignment of error is not well-taken.

Defendants' first and second assignments of error are sustained. The third assignment of error is overruled. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law and in accordance with this opinion.

> *Judgment reversed and*
> *cause remanded.*

STRAUSBAUGH and MARTIN, J.J., concur.

MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment in the Tenth District Court.