**PEARNE, GORDON, McCOY & GRANGER, Appellant,**

**v.**

**AMERICAN HOME ASSURANCE COMPANY, Appellee.**

[Cite as *Pearne, Gordon, McCoy & Granger* v. *Am. Home Assur. Co.* (1993), 92 Ohio App.3d 251.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63039.

Decided Sept. 10, 1993.

*John P. Murtaugh,* for appellant.

*Buckingham, Doolittle & Burroughs, Orville L. Reed III* and *Hamilton DeSaussure, Jr.,* for appellee.

NAHRA, Presiding Judge.

Plaintiff-appellant Pearne, Gordon, McCoy & Granger ("Pearne Gordon") timely appeals the summary judgment granted defendant-appellee American Home Assurance Company ("American Home"). For the following reasons, we reverse.

Pearne Gordon, a Cleveland law firm, purchased a lawyer's professional liability insurance policy from American Home. The insurance consisted of payment, subject to a deductible and coverage limits, of (1) all damages arising out of Pearne Gordon and its individual insured attorneys' provision of legal services "except as excluded or limited by the [policy's] terms, conditions and exclusions"; and (2) the costs of defending, including legal fees, "any suit against the insured seeking damages which are payable under the terms of [the policy]."

This appeal concerns the following quoted exclusions:

"This policy does not apply:

"(a) to any claim arising out of any criminal act, error or omission of any insured;

"(b) to any claim arising out of any dishonest, fraudulent or malicious act, error or omission of any insured, committed with actual dishonest, fraudulent, or malicious purpose or intent.

"* * * *

"(k) to any punitive or exemplary damages, fines, sanctions or penalties, or the return of or reimbursement for legal fees, costs or expenses."

This appeal also concerns the policy's innocent-insured provision, Section V ("Innocent Insured Provision"), under which certain insurance is provided to the firm and its members if they did nothing wrong and are vicariously called to account for another member's criminal, dishonest, fraudulent or malicious acts:

"V. Innocent Insured

"Whenever coverage under this policy would be excluded, suspended or lost

"(a) because of any exclusion relating to criminal, dishonest, fraudulent or malicious acts, errors or omissions by any insured, and with respect to which any other insured did not personally participate or personally acquiesce or remain passive after having personal knowledge thereof,

"* * * *

"[American Home] agrees that such insurance as would otherwise be afforded under this policy shall cover and be paid with respect to each and every insured who did not personally commit or personally participate in committing or personally acquiesce in or remain passive after having personal knowledge of one or more of the acts, errors or omissions described in any such exclusion * * *.

"With respect to this provision, [American Home's] obligation to pay in such event shall be in excess of the deductible and in excess of the full extent of any assets of any insured to whom the exclusion applies."

Tilberry, then one of Pearne Gordon's partners, and Pearne Gordon were served a motion for sanctions in one of Tilberry's federal patent cases. The motion alleged that the movant's opponent's lawyers, including Tilberry and Pearne Gordon, had disobeyed a discovery order. It asked for reimbursement of their client's attorney fees and an equal amount as a sanction. One of Tilberry's letters was attached that suggested it would be a good idea to keep certain documents from the opposition.

Pearne Gordon asked American Home to defend it against the motion under the Innocent Insured Provision. American Home conceded that Pearne Gordon

was an "innocent insured," but refused to defend. It claimed that exclusion (k) provides that it never pays sanctions. Because the motion was not a suit for damages payable under the policy, it need not provide a defense.

Pearne Gordon paid $30,913.85 in legal fees to successfully defend against the motion. It sued American Home for reimbursement. Both sides moved for summary judgment. The trial court granted American Home's motion without opinion.

Pearne Gordon's assignments of error are:

"The court of common pleas erroneously granted defendant–appellee's motion for summary judgment.

"The court of common pleas erroneously failed to grant plaintiff-appellant's motion for summary judgment."

To interpret insurance contracts, courts consider "the policy language as a whole" to determine a " 'reasonable construction [of the contract] in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed.' " *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 211, 519 N.E.2d 1380, 1383 (quoting *Dealers Dairy Prod. Co. v. Royal Ins. Co.* [1960], 170 Ohio St. 336, 10 O.O.2d 424, 164 N.E.2d 745, paragraph one of the syllabus). However, a contract "must be construed liberally in favor of the insured and strictly against the insurer if the language used is doubtful, uncertain or ambiguous." *Am. Financial Corp. v. Fireman's Fund Ins. Co.* (1968), 15 Ohio St.2d 171, 173, 44 O.O.2d 147, 148, 239 N.E.2d 33, 35. "Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer." *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d 34, 31 OBR 83, 508 N.E.2d 949, syllabus. Pearne Gordon's contract interpretation is implemented if it is a reasonable interpretation of uncertain language.

Pearne Gordon argues as follows that the Innocent Insured Provision requires American Home to pay its legal expenses to defend against the motion. The motion is related to Tilberry's malicious acts. Tilberry's coverage is excluded by either exclusion (a), (b) or (k).[1] Because Tilberry's exclusion relates to his malicious acts, the Innocent Insured Provision is activated for Pearne Gordon. It is entitled to "such insurance as would otherwise be available under this policy" including a defense against the motion.

---

1. Pearne Gordon's argument hinges on exclusion (k) "relating to criminal, dishonest, fraudulent or malicious acts." American Home argues that only exclusions (a) and (b) so relate.

American Home argues as follows that it need not pay Pearne Gordon's legal expenses. Pearne Gordon is an innocent insured. The Innocent Insured Provision provides Pearne Gordon "such insurance as would otherwise be afforded under this policy * * *." This does not include payment of attorney fees and sanctions, as asked for in the motion, because of exclusion (k). Because it never pays attorney fees or sanctions, it need not provide a defense.

Both interpretations present problems. Pearne Gordon's interpretation may have American Home paying damages, including punitives and fines, and providing a defense whenever one of Pearne Gordon's attorneys is malicious and Pearne Gordon is innocent. American Home's interpretation breaks down in that it fails to explain how or why the Innocent Insured Provision deactivates exclusions (a) and (b) with respect to the innocent insured but not (k).

■ Constrained by the policy's language and construing uncertainties in the insured's favor, Pearne Gordon is entitled to a defense. It is a reasonable interpretation of uncertain language that exclusion (k) is an exclusion "relat[ed] to criminal, dishonest, fraudulent or malicious acts." Tilberry's insurance is excluded by exclusion (k). The Innocent Insured Provision is activated for Pearne Gordon—it gets such insurance as is otherwise afforded under the policy. This includes (1) payment of all "claims," defined as demands for money, and (2) a defense to any suit for damages payable under the policy. The motion's sanctions are payable because Pearne Gordon is an innocent insured and Pearne Gordon is entitled to a defense.

■ If it is required to insure Pearne Gordon against the motion, American Home argues that a separate deductible applies for Innocent Insured Provision insurance. The policy's language does not support this position. The declarations contain one $25,000 annual *aggregate* deductible. Only one deductible is described in the policy's deductible section. The Innocent Insured Provision refers to "the deductible" and does not suggest it is separate or different from the policy's aggregate deductible.

American Home must pay for Pearne Gordon's defense against the motion. One deductible applies to all damages and claims expenses incurred during the year whether they arise from the Innocent Insured Provision or otherwise. Pearne Gordon's assignments of error are sustained.

The judgment for appellee is reversed and judgment is entered for appellant.

*Judgment accordingly.*

BLACKMON and HARPER, JJ., concur.