MOTORISTS INSURANCE COMPANIES, Appellee and Cross Appellant,

v.

BFI WASTE MANAGEMENT, Appellant and Cross Appellee.

STEPHENS, Appellee,

v.

BFI WASTE SYSTEMS OF OHIO, INC., d.b.a. AD+SOIL, Appellant;

Speedi Delivery Service, Inc., Appellee.

[Cite as *Motorists Ins. Cos. v. BFI Waste Mgt.* (1999), 133 Ohio App.3d 368.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17495.

Decided April 23, 1999.

370

⛝1780

*Stephen C. Findley,* for appellee and cross appellant Motorists Mutual Insurance Company.

*James F. Brockman,* for appellant BFI Waste Systems of Ohio.

GRADY, Presiding Judge.

This is an appeal and a cross-appeal from a summary judgment declaring that Motorists Mutual Insurance Company ("Motorists Mutual") has no duty to defend or indemnify BFI Waste Systems of Ohio, Inc. ("BFI") under the terms of

a policy of liability insurance that Motorists Mutual issued to Speedi Delivery Service, Inc. ("Speedi").

Speedi is a freight hauler. It had a contract with BFI to transport trailers owned by BFI to various work sites, using tractors owned by Speedi and driven by Speedi employees. On March 15, 1995, Ralph Stephens, a Speedi driver, was injured in an accident while hauling a BFI trailer loaded with liquid lime.

Stephens filed a personal injury claim against BFI. In turn, BFI filed claims against Stephens, Speedi, and Speedi's insurer, Motorists Mutual. Subsequently, Motorists Mutual filed an action to determine its duties of coverage with respect to the various claims involved, which was joined to the action on the personal injury claims.

The declaratory judgment claim was referred to a magistrate, who found that the contract of insurance between Motorists Mutual and Speedi created coverage for BFI as an "other insured" pursuant to an omnibus provision in the policy, but that coverage of Stephens's claim against BFI was excluded by a clause barring coverage of claims by employees. Both Motorists Mutual and BFI filed objections. The trial court overruled the objections and adopted the magistrate's decision as the basis of a summary judgment for Motorists Mutual on the issue of coverage. Subsequently, the trial court dismissed the other claims in the action without prejudice, pursuant to Civ.R. 41.

BFI filed a notice of appeal. It presents a single assignment of error, arguing that the trial court erred when it applied the employee claims exception in the policy to bar coverage of Stephens's claim against BFI.

Motorists Mutual filed a notice of cross-appeal. It presents a single assignment of error, arguing that the trial court erred when it held that BFI was entitled to coverage as an "other insured" under the omnibus provision of Speedi's policy with Motorists Mutual.

Because the issue that BFI appeals depends on our determination of Motorist Mutual's cross-appeal, we will address the cross-appeal first.

I

Motorists Mutual's Cross–Appeal

The policy provides that Motorists Mutual "will pay all sums an 'insured' legally must pay" as damages caused by bodily injury and "resulting from the ownership, maintenance, or use of a covered auto." Section II(A) of the policy sets up the obligation to provide liability coverage for the named insured and states:

"1. WHO IS AN INSURED

"The following are 'insureds':

"a. You for any covered 'auto.'

"b. Anyone else while using with your permission a covered 'auto' you own, hire or borrow except:

"(1) the owner or anyone else from whom you hire or borrow a covered 'auto.' This exception does not apply if the covered 'auto' is a 'trailer' connected to a covered 'auto' you own."

The magistrate decided that BFI was an *insured* when the accident occurred because BFI owned the trailer that was connected to a "covered auto" owned by Speedi. The trial court agreed with that analysis.

Motorists Mutual argues that BFI is not an *insured* because its trailer is not a "covered auto" under the policy's definition. In that regard, Motorists Mutual contends that the trailer was not "in use" by BFI when the accident occurred because it was under the control of Speedi and its employee, Stephens. Motorists Mutual refers us to several cases from other jurisdictions that have relied on that distinction to deny coverage. *Kolby v. Northwest Produce Co.* (Minn.App. 1993), 505 N.W.2d 648; *Protective Ins. Co. v. Coca–Cola Bottling Co.* (Ind.App. 1984), 467 N.E.2d 786.

■ We find the cases that Motorists Mutual has cited of little help in resolving the issue concerned, which is whether BFI was "using" a covered auto "hired or borrowed" by Speedi. In resolving the issue of coverage that the question presents, we must look to the scope of the allegations in the underlying complaints, and any related matters outside those pleadings, to determine whether they "state a claim which is potentially or arguably within the policy coverage, or (whether) there is some doubt as to whether a theory of recovery under the policy coverage (has) been pleaded." *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 180, 9 OBR 463, 465–466, 459 N.E.2d 555, 558. In either event, "the insurer must accept defense of the claim." *Id.*

■ It is undisputed that Speedi hauled trailers owned by BFI to job sites designated by BFI under a contract for hire. In the complaint that he filed, Ralph Stephens, Speedi's driver, alleged that he was injured when the tractor/trailer rig he was driving overturned, that this occurred when the tandem wheel body broke loose from its frame and became dislodged from the trailer, that the trailer was defective, and that BFI was "negligent in [its] failure to test and inspect said trailer prior to using said trailer for hauling the liquid lime" with which BFI had loaded the trailer.

In the complaint that Motorists Mutual and Speedi filed against BFI, the plaintiffs alleged that the accident occurred "[w]hile travelling to the work site on [March 15], 1995, and at the I–75 northbound exit ramp to westbound I–70, the

tandems to the trailer supplied by Defendant BFI broke [causing] the tractor, owned by Plaintiff Speedi, and the tanker to fall over thereby damaging same." Motorists Mutual and Speedi further alleged that "BFI negligently maintained and/or negligently inspected and/or negligently supplied the trailer to Plaintiff Speedi thereby causing the accident described herein."

The foregoing allegations, if true, demonstrate that BFI loaded a tanker/trailer that it owned with liquid lime and, pursuant to its contract with Speedi, directed Speedi's employee, Stephens, to transport it to a job site designated by BFI. They further demonstrate that the accident from which Stephens's injuries arose proximately resulted from BFI's alleged failure to correct a functional defect on its trailer, which BFI was obligated to do.

The foregoing allegations state a claim for legal liability in BFI to Stephens that arise from a "use" that Speedi made of its trailer, and which was potentially or arguably within the policy coverage. Therefore, the trial court correctly found that BFI was an insured because it was using a "covered auto" hired by Speedi. *Willoughby Hills v. Cincinnati Ins. Co., supra.*

That finding does not resolve the coverage question, however. The exception excludes coverage of claims against "[t]he owner * * * from whom you hire or borrow a covered auto." That would exclude coverage for BFI on Stephens's claims because BFI owned the trailer that Speedi hired or borrowed. However, the section goes on to provide: "This exception does not apply if the covered 'auto' is a 'trailer' connected to a covered 'auto' you own." That is the very situation involved here: BFI owned the trailer that was connected to Speedi's tractor, which was itself a covered auto. Thus, the exception does not apply to bar coverage of Stephens's claim against BFI. Further, if any doubt existed about it, a trailer can be an "auto" covered for these purposes by the very terms of the policy.

Motorists Mutual's assignment of error is overruled.

## II

### BFI's Appeal

The magistrate decided that, while BFI is an "insured" entitled to coverage under the policy, any legal liability that BFI may have to Stephens on his claims for relief is excluded from that coverage because of an *employee* claims exception in the policy. The relevant provision states:

"B. Exclusions

"This insurance does not apply to any of the following:

"4. EMPLOYEE INDEMNIFICATION AND EMPLOYERS LIABILITY

" 'Bodily injury' to:

"a. An employee of the 'insured' arising out of and in the course of employment by the 'insured;' or

"b. The spouse, child, parent, brother, or sister of that employee as a consequence of paragraph a. above.

"This exclusion applies:

"(1) Whether the 'insured' may be liable as an employer or in any other capacity; and

"(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

"But this exclusion does not apply to 'bodily injury' to domestic employees not entitled to workers compensation benefits or to liability assumed by the 'insured' under an 'insured contract.' "

The magistrate reasoned that Stephens's claims against BFI are within the employee exception because the accident occurred during the course of Stephens's employment by Speedi, which required Stephens to haul liquid lime for BFI pursuant to its contract with Speedi. The magistrate thus found that the contract of hire created a form of vicarious employment of Stephens by BFI.

BFI objected to the magistrate's decision. The trial court overruled the objection, but on a different theory. The court reasoned that construing the policy to provide coverage of BFI's liability to Stephens would unduly expand the coverage that the policy provides because BFI would then have the benefit of broader coverage than Speedi, the named insured, which was clearly within the employee exception with respect to any liability that Speedi might have to Stephens, its employee, arising from the same occurrence.

 The relations between the parties to a contract of insurance being contractual, the rules governing the construction and interpretation of contracts generally apply in construing a policy of insurance. *Connecticut Mut. Life Ins. Co. v. Pyle* (1886), 44 Ohio St. 19, 4 N.E. 465. An unambiguous insurance policy cannot be enlarged or diminished by judicial construction. *Kish v. Central Nat. Ins. Group* (1981) 67 Ohio St.2d 41, 21 O.O.3d 26, 424 N.E.2d 288.

"Stated differently, the court has the duty to enforce insurance contracts as made by the parties, and not to rewrite or to distort, under the guise of judicial construction, contracts the terms of which are unambiguous, so long as they do not offend some rule of law or contravene public policy, since courts do not exercise a guardianship over contracting parties. The contract made by the parties will be enforced and no new or changed contract is to be arrived at either by ascribing finely drawn connotations to simple terms or by disregarding the

simplicity or plainness of the terms used." (Footnotes omitted.) 57 Ohio Jurisprudence 3d (1985) 334, Insurance, Section 275.

As in the case of contracts generally, it is the intention of the parties that controls the construction and interpretation of a policy of insurance. Where the terms of a policy clearly indicate the intention to provide coverage, its construction must be such as to effectuate rather than to defeat that intention. *Rankin v. United States Fid. & Guar. Co.* (1912), 86 Ohio St. 267, 99 N.E. 314. The rule of strict construction is especially applicable where an exception is contained in the policy, *Am. Financial Corp. v. Fireman's Fund Ins. Co.* (1968), 15 Ohio St.2d 171, 44 O.O.2d 147, 239 N.E.2d 33, the reason being that the insurance company selected the phrase to be construed and should have specifically excluded the risk if there was any doubt. *Burns v. Emp. Liab. Assur. Corp.* (1938), 134 Ohio St. 222, 12 O.O. 18, 16 N.E.2d 316.

 The trial court's rationale for denying coverage for BFI's alleged liability to Stephens was that the coverage should correspond to the coverage that the policy affords to Speedi on its liability to Stephens, which is no coverage at all on account of the employee exclusion. That view misconstrues the duty of coverage that a policy of liability insurance creates.

"A policy of liability insurance imposes a duty on the insurer to defend and indemnify the insured against claims of third persons for injuries and losses that arise out of an insured risk, occurrence of which creates potential legal liability for the insured. The insurer's duty of 'coverage' is therefore determined in the first instance by the occurrence of a risk identified in the policy, not by the potential liability of the insured resulting from it. See 43 American Jurisprudence 2d (1982), Insurance, Section 703." *Am. States Ins. Co. v. Guillermin* (1996), 108 Ohio App.3d 547, 567, 671 N.E.2d 317, 330 (Grady, J., dissenting).

 Like the duty of coverage, the existence of an exception to that duty is determined by the occurrence of a risk identified by the exclusion, not by the potential liability of the insured arising from it. Therefore, the fact that the employee exclusion creates an exception to Motorists Mutual's duty to cover Speedi's liability to Stephens does not likewise determine that it has no duty to cover BFI's liability to Stephens. The "severability of interests" clause at Section E of the policy states that "the coverage afforded applies separately to each insured seeking coverage or against whom a claim or suit is brought." This reflects the fact that multiple insureds whose coverage corresponds may be nevertheless subject to different risks, creating a different duty of coverage with respect to the liability of each and a different exception from that duty with respect to the liability of each.

 Parties are free to enter into any contract the subject of which is not prohibited by law. Where there is an insurable interest, parties may contract for indemnification of its loss. Speedi may gain some commercial advantage by indemnifying its contractors against losses arising from their liability to Speedi's own employees. Speedi's interest in that regard is not defeated because Speedi, which benefits from the workers' compensation bar against civil liability, is not itself insured against the same loss. Therefore, Speedi may insure its contractors against such losses.

 Having decided that Speedi may insure its contractors against losses arising from the claims of Speedi's employees, we must next determine whether the "Employee Indemnification and Employers Liability" exclusion in the Motorists Mutual policy excludes coverage of BFI's alleged liability to Stephens. We have previously found that coverage generally exists for BFI as "an insured" on the basis of the pleadings and the allegations therein.

The exclusion applies to bodily injury to "[a]n employee of *the* 'insured' arising out of and in the course of employment by *the* 'insured.' " The prepositional phrase "of the insured" modifies the word "employee" to refer to one who is employed by the insured. "The" is an indefinite article that precedes the noun "insured" to refer to an insured whose employee suffers bodily injury "arising out and in the course of employment." The exception is thus limited to claims for bodily injury made by an employee against the insured who employs him. It does not apply to the same employee's claim against another insured by whom he is not employed.

Our view that the exception is limited to coverage of claims made against an insured by its own employee is consistent with the definition of the bodily injury involved. Injuries "arising out of and in the course of employment" are covered by workers' compensation. R.C. 4123.01(C). An employer who subscribes for that coverage is exempt from civil liability to the employee for the covered injury. Section 35, Article II, Ohio Constitution. Because the employer has no interest to insure with respect to such liability, a general policy of liability insurance will reasonably exclude coverage of it. However, the exemption from civil liability does not extend to anyone other than the employer. Therefore, an employee exclusion in the policy need not apply to any civil liability that anyone else may have to the same injured employee.

Motorists Mutual refers us to several decisions of other jurisdictions that have applied an employee exclusion to "*any* insured" covered by the policy, not to the claimant's employer alone. It also refers us to several decisions of the United States Court of Appeals for the Sixth Circuit. We believe that those Sixth Circuit decisions were correctly distinguished by the Court of Appeals of Franklin County in *Travelers Ins. Co. v. Auto–Owners Mut. Ins. Co.* (1964), 1 Ohio App.2d

65, 30 O.O.2d 97, 203 N.E.2d 846. Further, the reasoning of that decision compels us to follow its precedent, as opposed to the several contrary decisions from other jurisdictions.

We conclude that the employer exclusion in the policy of liability insurance that Motorist Mutual issued to Speedi provides coverage of the claims against BFI alleged in the pleadings herein. Therefore, BFI's assignment of error is sustained. Having sustained that assignment, we will reverse the judgment of the trial court and remand the case to the trial court on our mandate to enter a declaration that Motorists Mutual has a duty to defend and indemnify BFI under the policy of insurance that it issued to Speedi on claims arising from the accident of March 15, 1995, involving Speedi's tractor and BFI's tanker/trailer.

*Judgment reversed*
*and cause remanded.*

BROGAN and FAIN, JJ., concur.