[Cite as *Kott Ents., Ltd. v. McClain*, 2016-Ohio-325.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Kott Enterprises, Ltd.                                    Court of Appeals No. L-15-1086

        Appellant                                         Trial Court No. CVG1301197

v.

Thomas McClain, et al.                                    **DECISION AND JUDGMENT**

        Appellees                                         Decided:  January 29, 2016

* * * * *

John J. McHugh, III, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Kott Enterprises, Ltd., appeals from the March 23, 2015

judgment of the Sylvania Municipal Court.  For the reasons which follow, we affirm in

part and reverse in part.  On appeal, appellant asserts the following assignments of error:

        Assignment of Error No. 1.  The Trial Court erred as a matter of law

in interpreting the terms of a Purchase and Sale Contract.

Assignment of Error No. 2. The Trial Court erred as a matter of law in refusing to enforce a valid attorney fees provision contained within an enforceable contract.

Assignment of Error No. 3. The Trial Court erred as a matter of law in finding that appellee created an issue of material fact which prohibited entry of summary judgment in appellant's favor.

Assignment of Error No. 4. The Trial Court's findings of fact were against the manifest weight of the evidence.

{¶ 2} Appellant, the owner of a house and lot at 2231 Manoa Road, Toledo, Ohio, filed a complaint for forcible entry and detainer and damages against appellees, Thomas and Tiffany McClain. Appellant asserted that appellees occupied the premises, subject to the terms of a residential real estate purchase agreement, and refused to vacate the premises. While the action was pending, appellees vacated the premises. Appellant sought possession of the real property, $7,838.71 for the benefit of occupying the premises from May 24, 2013, to October 31, 2013, damages to the property of $2,705, and costs and attorney fees.

{¶ 3} The parties executed a purchase agreement on May 20, 2013. In the agreement, appellees offered to buy the property at issue for $165,000 and $500 earnest money was to be applied toward the purchase price at closing. Closing and possession were set for July 12, 2013. In an addendum executed the next day, appellant agreed to give possession to appellees on May 23, 2013, for a non-refundable deposit of $5,000,

2.

with $3,000 of the deposit to be applied toward the purchase price at closing on July 12, 2013. If the closing did not occur, appellees agreed to forfeit the entire deposit. If the closing did not occur and appellees did not vacate the premises within seven days of the closing date, appellees would pay costs and attorney fees incurred by appellant to enforce its rights under the purchase agreement and recover damages for restoring the property to the same condition that existed at the time appellees took possession. In a modification of the addendum, dated July 19, 2013, the closing date was extended to August 30, 2013, for an additional $2,500, with $1,000 to be applied to the purchase price at closing. The modification did not include language that the $2,500 was a non-refundable deposit.

{¶ 4} Appellees failed to close on the property by the extended deadline. Appellant notified appellees on September 9, 2013, of its intention to commence this action. Appellees vacated the premises on October 31, 2013.

{¶ 5} Appellant moved for summary judgment. In support of its motion, appellant attached invoices showing it installed new carpeting, cleaned the yard, and had the interior of the home cleaned prior to appellees' occupancy. Also attached was an invoice for two garage door remotes purchased after appellees had vacated the premises. None of these invoices were authenticated.

{¶ 6} Also attached to the motion for summary judgment were affidavits of a painter, a member of appellant's organization, and the listing agent. A painter attested that he charged appellant for painting services of $1,800 rendered prior to appellees' occupancy, and $2,800 for services rendered after their occupancy. The painter also

3.

attested that the photographs submitted with the motion for summary judgment accurately depicted the condition of the home after appellees vacated the premises.

{¶ 7} Michael Kott, a member of appellant's organization, attested that prior to occupancy by appellees, appellant incurred significant expenses to repair the premises to "like-new" condition because of the damages caused by prior tenants. Kott further attested that because appellees were unable to obtain financing by the original deadline of July 12, 2013, the parties agreed to a modification to the original purchase agreement. For an additional $2,500, the deadline was extended to August 30, 2013. He also asserted that appellant offered to extend the deadline again, but appellees rejected that offer. When appellees refused to voluntarily leave the home, appellant initiated this action. After appellees vacated the premises, appellant discovered significant damage to the premises and the two remote controls to the garage doors were missing. Appellant again expended funds to restore the premises to "like-new" condition.

{¶ 8} A real estate agent who served as the listing agent attested that she viewed the premises prior to appellees' occupancy and recalled that appellant had made repairs and repainted the premises. She viewed the photographs and attested that this damage was not present prior to appellees' occupancy.

{¶ 9} Appellees opposed the summary judgment and submitted the affidavit of Thomas McClain. He attested that he and his wife entered into the addendum in order to live in the premises pending closing on the purchase contract. He further asserted that the payments were based on a rental amount of $1,500 per month. When appellees needed

4.

an additional extension, they could not afford appellant's payment terms. The family vacated the premises and hired a company to professionally clean the premises. McClain denied that any damage was caused to the premises other than normal wear and tear. McClain requested appellant conduct a walk-through on October 31, 2013, but Kott would not agree. McClain further attested that photographs submitted with the motion for summary judgment reflect the condition of the premises when they first took possession.

{¶ 10} The trial court granted in part appellant's motion for summary judgment on September 11, 2014. First, the court found the contract required appellees to vacate the premises within seven days after closing was scheduled to occur. Therefore, the per diem rental period would begin September 6, 2013, and end October 31, 2013, a total of 55 days. The trial court found the time period appellant used to repair the premises, October 31 to November 7, 2013, was not part of the contractual per diem rental period.

{¶ 11} Second, the trial court held the deposit of $500 earnest money, forfeited because the closing failed to occur, was consideration for keeping the offer open for a specific period of time. The court further held the $5,000 and $2,500 payments were non-refundable deposits which would be forfeited if the closing did not occur. However, the trial court reasoned that if appellees had closed on the property, only $4,000 of the $7,500 deposit would have been credited to appellees toward the purchase price and, therefore, only this amount was earnest money forfeited when the closing failed to occur.

5.

{¶ 12} The court classified the remaining $3,500 deposit as rent paid for living on the premises prior to closing (May 24 to August 31, 2013). The trial court calculated the rental loss for the 55-day occupancy to be $2,661.45. The court deducted this amount from the $3,500 already paid by appellees, resulting in a finding that appellees had overpaid rent by $838.55.

{¶ 13} Third, the trial court found a genuine issue of material fact existed regarding damages to the property because the parties submitted conflicting affidavits.

{¶ 14} Finally, the trial court construed the purchase agreement and addendum as a rental agreement because the agreement provided for occupancy of the premises in exchange for monetary consideration. As such, the trial court found, as a matter of law, the provision for attorney fees was unenforceable pursuant to R.C. 5321.13, which bars any agreement for the payment of attorney fees.

{¶ 15} The trial court granted judgment to appellant on the issue of damages from the breach of the contract. The case proceeded to trial solely on the claim of damages to the property. Following a bench trial, the trial court found that appellant was entitled to property damages of $8. Following the entry of the final judgment on March 23, 2015, appellant appealed and challenged both the September 11, 2014 judgment granting partial summary judgment and the final judgment entered on March 23, 2015.

{¶ 16} In its first assignment of error, appellant argues that the trial court erred as a matter of law by granting summary judgment by classifying certain deposits as rent and ordering some of the deposits to be returned to appellees when the sale was not finalized.

6.

Appellant argues the court was required by law to enforce the plain language of the contract in the absence of fraud. We agree.

{¶ 17} In this case, the trial court properly concluded that the issue of damages arising from appellees' failure to timely vacate the premises was a question of law because it involved the construction of a contract. *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 73 Ohio St.3d 107, 108, 652 N.E.2d 684 (1995); *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph one of the syllabus. We find the terms of the contract were clear and unambiguous in this case. Therefore, we also find the trial court erred as a matter of law by interpreting the contract to find that the parties intended the deposits made for taking possession of the premises prior to closing were pre-payments of rent. "[W]here the terms in an existing contract are clear and unambiguous, a court cannot, in effect, create a new contract by finding an intent not expressed by that language." *Alexander* at 246 (citations omitted). The trial court cannot alter the agreement even if the terms are harsh. *Hope Academy Broadway Campus v. White Hat Mgt., L.L.C.*, Slip Opinion No. 2015-Ohio-3716, ¶ 36 (citations omitted). The trial court must construe the contract by giving ordinary words "their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander* at paragraph two of the syllabus. As discussed *infra*, the agreement was a purchase contract and not a tenancy lease.

{¶ 18} Therefore, we find appellant's first assignment of error well-taken.

7.

{¶ 19} In its second assignment of error, appellant argues that the trial court erred as a matter of law in refusing to enforce a valid attorney's fee provision.

{¶ 20} There is no common law prohibition against including an attorney's fee provision in a contract. *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 37, 514 N.E.2d 702 (1987). However, such provisions are prohibited in rental agreements by statute. R.C. 5321.13(C). That statutory section provides: "No agreement to pay the landlord's or tenant's attorney's fees shall be recognized in any rental agreement for residential premises or in any other agreement between a landlord and tenant." The trial court concluded that the addendum to the purchase agreement was a rental agreement subject to the Landlord Tenant Act. R.C. 5321.01(D) defines a rental agreement as an "agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties." The intent of the parties, expressed in their written agreement, determines whether they entered into a rental agreement or purchase agreement. *Fadelsak v. Hagley*, 4th Dist. Lawrence No. 02CA41, 2003-Ohio-3413, ¶ 10.

{¶ 21} In this case, the contract is a standard purchase contract containing terms relating to the sale of the property but also included the right to occupy the premises pending final closing. The contract was not a lease of the premises with an option to purchase the premises. Furthermore, the addendum required appellees to purchase the premises or vacate the premises upon their failure to purchase. The addendum and modification applied some of the deposit paid prior to closing to the purchase price of the

8.

home.  The agreement also required appellees to assume the risk of loss once they took possession.

{¶ 22} Therefore, we find that the addendum in this case was not a tenancy lease but an agreement to take possession of the premises prior to closing.  Under such circumstances, the Landlord Tenant Act is not applicable.  We find appellant's second assignment of error well-taken.

{¶ 23} In its third assignment of error, appellant argues that the trial court erred in holding that appellees created an issue of material fact as to whether appellees damaged the property.  Appellant argues that the affidavits showed a question of fact as to the extent of the damages, but not their existence.  We disagree.

{¶ 24} Applying the requirements of Civ.R. 56(C), summary judgment is appropriate when it is clear

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co*., *Inc.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 25} Certainly appellant put forth sufficient evidence through the affidavit of his painter and real estate listing agent that the premises were in good condition before

9.

appellees occupied the premises. However, the affidavit of appellee, Thomas McClain, gave rise to a question of fact as to whether appellees damaged the property during their occupancy. We have dismissed self-serving affidavits as insufficient evidence to defeat summary judgment. *Huntington Natl. Bank, Successor by Merger to Sky Bank v. Belcher*, 6th Dist. Wood No. WD-11-055, 2012-Ohio-3731, ¶ 13. However, in this case, we find Thomas McClain's self-serving affidavit was sufficient because the issue involved was not the type of issue where one would necessarily have documentary evidence to substantiate their statement of fact. Appellant's third assignment of error is not well-taken.

{¶ 26} Finally, appellant argues in its fourth assignment of error the trial court's finding of fact as to the damages to the premises was contrary to the manifest weight of the evidence. Appellant asserts that Tiffany McClain's testimony was inconsistent and the trial court failed to give appropriate consideration to the testimony of the painter and the listing agent.

{¶ 27} A challenge to the weight of the evidence questions whether the greater amount of credible evidence was admitted to support the conviction than not. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). When weighing the evidence, the court of appeals must consider whether the evidence in a case is conflicting or where reasonable minds might differ as to the inferences to be drawn from it, consider the weight of the evidence, and consider the credibility of the witnesses to determine if

"the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "[E]very reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts." *Eastley* at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984) (citation omitted).

{¶ 28} At a hearing on the issue of damages to the premises the following evidence was presented. Kott, an authorized agent of appellant, testified that he hired a painter to restore the premises to like-new condition prior to appellees' occupancy for $1,800. Kott also replaced the carpeting. Kott identified photographs he took of the premises after appellees left the premises showing the damage they caused. He hired the same painter again to clean and repair the premises for a flat rate of $2,800 after appellees' occupancy. Kott replaced missing garage door openers for $82.39. Kott also identified photographs taken by the listing agent prior to listing the property in April 2013 showing that the property was in good condition.

{¶ 29} Kott acknowledged that burglars entered the premises through the front door after appellant's repairs but prior to appellees' occupancy and removed some of the copper piping. Kott stipulated that a hole in the wall caused by the burglars was repaired for $95 and that amount should be deducted from the painter's second bill.

{¶ 30} The painter testified he has worked with Kott for years. He explained that he provided Kott with a time and material breakdown for the April 2013 bill because

some paint remained from a prior painting of the house by another painter and it was a smaller job. The painter did not give a time and material estimate for the second painting job in November 2013 because Kott wanted the job done quickly and there was little left over paint. The second job was more extensive because the garage walls had to be painted and the garage floor had to be steam cleaned before it was painted. The remainder of the work, filling nail holes and touching up the walls was similar to the first job. The painter employed four people for about a week to do the work. For the second job, Kott paid the estimated price without the necessity of a final invoice.

{¶ 31} The real estate listing agent identified the photographs she took of the premises in February 2013, prior to listing the property. Nail holes could not be seen in the photographs she took prior to occupancy and she could not recall if there were any or not. But, she did observe the house had been completely redecorated and was in mint move-in condition. If it had not been, she testified, she would have told Kott to correct anything which would have affected her ability to sell the home. She viewed the photographs of November 2013 taken by Kott and testified that those damages were not present when she listed the property. She did recall there was a broken drawer in the bathroom vanity. She recalled giving appellees the keys but not garage door openers. She further testified that she had sent appellees a text message that the home had not been painted but had done so erroneously.

{¶ 32} Appellee, Tiffany McClain, testified that she walked through the house in April 2013 with her parents and the listing agent. She noticed small holes in the walls, a

12.

large hole in the living room wall; a big bleach stain in the carpet which the agent pointed out had to be from the prior tenant; an old, dirty stove; holes in the sun porch; a broken vanity drawer; and dirty floors. The agent texted the walls had not been painted. Her husband and father, who refinish floors, noticed immediately that they would have to paint and seal the floor.

{¶ 33} She further testified they did not fully move into the home because they soon learned that their financing would be delayed because they were living in the home. She also testified that they did not receive garage door openers and she had to open the garage door from the house.

{¶ 34} She testified they moved furniture into the premises and may have damaged the walls in the process and she hung four pictures on the walls, one of which was hung low to cover the hole in the wall that appeared to have been caused by the front door knob. She did not install any curtains. She denied damaging the garage walls in any way. When she reviewed Kott's photographs, she identified some photographs as showing the holes that were there when she moved in and could not determine where some of the photographs were taken. She testified that the picture hooks seen in the photographs depicted a few of the many hooks that were present when they moved into the home. She did not remove them during the five months of occupancy.

{¶ 35} Tiffany McClain testified she contacted Kott to do a walk through after they moved out, but he did not come. Kott testified he refused to go through the house

13.

with appellees because he had been forced to evict them from the premises and wanted to avoid any conflict.

{¶ 36} The trial court found the photographs were difficult to interpret and believed the testimony of Tiffany McClain that the major damages were not caused by appellees and any remaining damages were minimal and preexisting. The court also relied on the text message from the realtor that the premises had not been painted prior to occupancy. The court found that the photographs of the garage showed an ordinary garage. The court also noted in its judgment that the painter was unable to quantify the cost of each task in his $2,800 bill. Therefore, the trial court assessed a cost of $2 per nail hole for repair of the four holes Tiffany McClain admitted to creating.

{¶ 37} Upon a review of the evidence, we find that there was conflicting evidence presented in this case as to whether appellees caused damage to the property, as well as the extent of the damage caused by the burglary after the listing agent showed the property and before appellees obtained possession. The trial court also took issue with the painter's credibility in light of his detailed bill prior to occupancy and the lack of such detail in the bill for the repairs after occupancy. We cannot, as a reviewing court, substitute our judgment for the trier of fact who saw the witnesses testify and assessed their credibility. We cannot find that the trial court lost is way in evaluating the evidence. Therefore, we find appellant's fourth assignment of error not well-taken.

{¶ 38} Having found that the trial court did commit error prejudicial to appellant in part, the judgment of the Sylvania Municipal Court is reversed in part and affirmed in

14.

part. The judgment is reversed with respect to the enforcement of the purchase contract and the determination of damages based on the contract. The judgment is affirmed regarding the determination of the issue of damages to the premises. Court costs of the appeal are assessed against appellant and appellees equally pursuant to App.R. 24.

Judgment reversed in part
and affirmed in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.