[Cite as *Goodell v. Motorists Mut. Ins. Co.*, 2017-Ohio-8425.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Brian Goodell                                    Court of Appeals No. WD-16-071

      Appellee                              Trial Court No. 14 CV 176

v.

Motorists Mutual Insurance Company      **DECISION AND JUDGMENT**

      Appellant                             Decided:  November 3, 2017

* * * * *

Kevin J. Boissoneault and Jonathan M. Ashton, for appellee.

Lisa C. Haase, Thomas J. Mulvey and Trent M. Thacker,
for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Motorists Mutual Insurance Company (hereinafter "Motorists"),

appeals from the September 15 and November 17, 2016 judgments of the Wood County

Court of Common Pleas.  Both judgments stem from a 2014 lawsuit filed by appellee,

Brian Goodell, against Shawn Pasquale and Motorists, arising out of injuries Goodell

suffered when he was allegedly struck by a truck he was servicing for his employer, Wylie & Sons, after the truck was put into gear by Pasquale. Goodell asserted he was negligently injured by Pasquale and Goodell's loss was covered under Motorists policies issued to Wylie & Sons.

{¶ 2} In its September 15, 2016 judgment, the trial court found Goodell's claims were excluded from coverage under a commercial general liability policy, but not under a business automobile policy, and granted in part and denied in part summary judgment to Motorists. Because Goodell had not moved for summary judgment, the court continued the case. Goodell immediately moved for summary judgment and on November 17, 2016, the trial court granted summary judgment to Goodell finding he was entitled to coverage under the auto policy and the company's umbrella policy. For the reasons which follow, we affirm.

{¶ 3} On appeal, Motorists asserts the following assignments of error:

FIRST ASSIGNMENT OF ERROR: The Trial Court erred in denying Appellant's Motion for Summary Judgment filed October 16, 2014, specifically because the workers' compensation and employer's liability exclusions in the Business Auto Coverage Form bar coverage for the loss.

SECOND ASSIGNMENT OF ERROR: The Trial Court erred in granting Appellee's Motion for Summary Judgment by finding:

(a) Coverage existed under the Business Auto Coverage Form because the

2.

workers' compensation, employer liability, and co-employee exclusions did not apply; and (b) the affidavit of Thomas Wylie was insufficient to create a genuine issue of material fact.

THIRD ASSIGNMENT OF ERROR: The Trial Court erred by denying Appellant's renewed motion for summary judgment based upon the co-employee exclusion and the Wylie affidavit.

## Standard of Review

{¶ 4} The appellate court reviews the grant of summary judgment under a de novo standard of review. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 738 N.E.2d 1243 (2000), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is a procedural device to end litigation over issues which do not involve factual disputes and the issues can be decided as a matter of law. Civ.R. 56(C); *Ormet Primary Aluminum Corp. v. Emp. Ins. of Wausau*, 88 Ohio St.3d 292, 300, 725 N.E.2d 646 (2000), citing *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Therefore, the court must determine not only that the facts are undisputed, but that a reasonable trier of fact could come to but one conclusion regarding the facts, whether directly or by inference, when the facts are construed in a light most favorable to the nonmoving party. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 433, 424 N.E.2d 311 (1981). Summary judgment must be awarded with caution because it terminates litigation. *Murphy v. City of Reynoldsburg*, 65 Ohio St.3d 356, 358, 604 N.E.2d 138 (1992).

3.

{¶ 5} The burden of establishing that summary judgment is an appropriate remedy always remains on the moving party. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997). The moving party bears the initial burden of coming forward with a basis for summary judgment, identifying the evidence in the record which establishes there is no genuine issue of material fact, and identifying the essential elements of one or more of the nonmoving party's claims or defenses that are not supported by the record. *Id*. at 430; *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988), quoting *Massaro v. Vernitron Corp.*, 559 F.Supp. 1068, 1073 (D.Mass.1983). The moving party "must specifically delineate the basis for which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff* at syllabus.

{¶ 6} Once the moving party has met this burden, the non-moving party must come forward with specific evidence which supports the claims or defenses for which the non-moving party bears the burden of production at trial and which would establish there is a genuine issue of fact for trial. Civ.R. 56(E); *Dumas v. Estate of Dumas*, 68 Ohio St.3d 405, 408, 627 N.E.2d 978 (1994), quoting *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991), paragraph three of the syllabus, *limited by Dresher v. Burt*, 75 Ohio St.3d 280, 295, 662 N.E.2d 264 (1996) and *Mitseff*.

{¶ 7} In the case before us, Goodell has the burden to prove coverage under the policies and his loss. *City of Sharonville v. Am. Emp. Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833, ¶ 19, quoting *Inland Rivers Serv. Corp. v. Hartford Fire Ins. Co.*, 66 Ohio St.2d 32, 34, 418 N.E.2d 1381 (1981). Motorists has the burden of

4.

establishing that an exclusion to coverage applies. *Neal-Pettit v. Lahman*, 125 Ohio St.3d 327, 2010-Ohio-1829, 928 N.E.2d 421, ¶ 19.

### Assignment of Error No. 2

{¶ 8} We address the assignments of error out of order to first address the issue of whether Motorists presented a sufficient question of fact as to whether Pasquale was an employee of Wylie & Sons to defeat the grant of summary judgment to Goodell and justify the grant of summary judgment to Motorists.

{¶ 9} This case is complicated by the fact that there have been two complaints and two separate filings for summary judgment. In Goodell's first complaint, he contended that he was an "insured" under the uninsured/underinsured motorist and/or medical payments provisions and that Pasquale was on the premises of Wylie & Sons with the permission of the owners, managers, and operators of the premises. In its answer, Motorists denied this allegation "in the manner and form alleged," and answered only that Pasquale was performing work on company vehicles, but not the one which caused harm to Goodell. Both parties sought summary judgment.

{¶ 10} In his motion, Goodell asserted Pasquale was an insured under the general liability and umbrella policy because he was a "volunteer employee." Under the terms of the Motorists policy, "employee" is defined in the general liability and auto policies simply as follows: "'Employee' includes a 'leased worker.' 'Employee' does not include a 'temporary worker.'" Attached to Goodell's motion was his affidavit wherein he attested that Pasquale is a friend of Thomas Wylie and he allowed Pasquale to be

5.

present in the shop on a daily basis and to operate Wylie & Sons' trucks, including the one which Pasquale operated while Goodell was performing maintenance on it.

{¶ 11} Motorists argued in its motion only that the policies excluded coverage for injuries for bodily injury which arose out of and in the course of Goodell's employment. Attached to Motorists' motion was the affidavit of Thomas Wylie who attested that Goodell was injured in the course and scope of his employment by a vehicle owned by Wylie & Sons and he had received workers' compensation for his injuries.

{¶ 12} However, before the summary judgment motions were ruled upon, Goodell voluntarily dismissed his claims against Motorists without prejudice. The trial court granted default judgment against Pasquale and awarded Goodell damages.

{¶ 13} Goodell filed a supplemental complaint against Motorists, pursuant to R.C. 3929.06, to recover the judgment rendered against Pasquale. Goodell asserted Pasquale was insured under both the general liability and auto policies because he was on the premises with the permission and acting as a "volunteer worker." Motorists answered admitting only that Wylie & Sons was the "named insured" and asserted that the claim was barred by the exclusions. Motorists neither admitted nor denied that Pasquale was a "volunteer worker" or an "insured."

{¶ 14} Motorists moved for summary judgment arguing coverage was barred under the workers' compensation exclusion and the employer's liability exclusion. Motorists also asserted that it was undisputed that both Goodell and Pasquale were "acting within the course and scope of their respective employment activities with Wylie

6.

& Sons." Attached to the motion was the same previously-filed Wylie's affidavit that did not address Pasquale.

{¶ 15} Goodell filed a memorandum in opposition arguing Pasquale was a "voluntary worker" under the general liability policy and an "insured" under the auto policy because he was permitted to be on the premises and use the company's trucks. Goodell argued the employer liability exclusion is not applicable as the exclusion applies only to the insured's employees and Goodell is not Pasquale's employee. Goodell also disputed that Pasquale was not a co-employee. Goodell argued the only evidence in the case was that Pasquale was a frequent, permissive user of the company trucks. Goodell attached a second affidavit to his reply memorandum attesting Pasquale was not an employee of Wylie & Sons, but worked on the company's property mainly on his own customers' vehicles and sporadically did repair work on company vehicles as an independent contractor charging Wylie for each job. Goodell further attested that when customers complained to Wylie about Pasquale, he would tell those customers that Pasquale was not his employee; Wylie argued with Pasquale about the complaints; and Wylie had nothing to do with Pasquale's work.

{¶ 16} In its reply brief, Motorists argued there is no evidence that Pasquale was a "volunteer worker." Alternatively, Motorists argued, that even if Pasquale was a "volunteer worker," he is not an "insured" under the general liability policy because even a voluntary worker is specifically excluded as an insured if he causes a work-related bodily injury to a co-employee while in the course of his employment.

7.

{¶ 17} On September 15, 2016, the trial court granted summary judgment to Motorists in part. The trial court concluded Pasquale was not an insured under the general liability policy because there was no evidence presented that he was a "volunteer worker" for Wylie & Sons. The only evidence before the court were Goodell's two affidavits. Therefore, the only evidence before the court was that Pasquale was a friend of Tom Wylie, he had permission to be on the premises and operate company vehicles, and Pasquale was not an employee of Wylie & Sons. While Motorists asserted in its motion that Pasquale was "acting within the course and scope of [his] employment activities," there was no evidence to support this assertion and the assertion itself does not clearly establish Pasquale was an actual employee of Wylie & Sons.

{¶ 18} Irrespective of whether Pasquale was a "volunteer worker" or not, the trial court further concluded that the general liability policy specifically excluded Pasquale as an insured because he caused bodily injury to an employee in the course and scope of the employee's employment. Therefore, the trial court granted summary judgment to Motorists regarding the general liability policy. Goodell did not challenge this finding on appeal and coverage under the general liability policy is not an issue in this appeal.

{¶ 19} Regarding the auto policy, however, the court found that the "insured" under that policy could be either the "name insured" on the declarations page or anyone who uses a covered vehicle of the insured with permission, irrespective of the person's employment status. The trial court further determined the policy unambiguously provides that Pasquale is a separate "insured" and that none of the exclusions applied to

8.

Pasquale because he was not Goodell's employer. The court noted the second appellate district came to the same conclusion in *Motorists Ins. Cos. v. BFI Waste Management*, 133 Ohio App.3d 368, 728 N.E.2d 31 (2d Dist.1999). The court also found that because Pasquale was an insured under the auto policy, he was also covered by the umbrella policy as a separate insured. The trial court denied summary judgment to Motorists as to the auto policy. Motorists appealed from this judgment.

{¶ 20} Goodell was granted leave to move for summary judgment asserting coverage under the auto and umbrella policies. Motorists' motion for leave to renew its prior motion for summary judgment was eventually denied as moot.

{¶ 21} Motorists opposed Goodell's motion summary judgment arguing the fellow employee exclusion also excluded coverage under the auto policy. This exclusion bars coverage for bodily injury to a fellow employee arising out of and in the course of the fellow employee's employment. Motorists attached to its memorandum, a new Wylie affidavit wherein he attested Pasquale was "acting as an employee" at the time of the accident, "was paid hourly," and was working 40-50 hours per week at that time.

{¶ 22} Goodell filed a reply opposing consideration of new arguments and moved to strike the new Wylie affidavit arguing the issue of Pasquale's employment status could not be reconsidered and, alternatively, that the new affidavit was conclusory and unsupported by factual evidence presented in Goodell's second affidavit.

{¶ 23} On November 17, 2016, the trial court granted summary judgment to Goodell. The trial court found that while Wylie attested that Pasquale was an employee

9.

working 40-50 hours per week at the time of the accident, he did not provide any supporting documents. In light of Goodell's second affidavit that Pasquale was not an employee and only used the shop to repair vehicles for his customers, the trial court found Wylie's bald contradictory affidavit, which did not include supporting documentation, did not give rise to a genuine question of material fact when such documentation was readily available. The trial court concluded Motorists had not met its burden of demonstrating the exclusion applied to the facts of this case. The trial court found both Motorists' motion for leave to renew its motion for summary judgment and Goodell's motion to strike Wylie's second affidavit as moot. The trial court granted summary judgment to Goodell and found Motorists was liable to pay the judgment rendered against Pasquale. Motorists appealed from this judgment also.

{¶ 24} On appeal from the second judgment, Motorists argues it had presented a sufficient question of fact as to whether Pasquale was an employee of Wylie & Sons. We agree with the trial court's conclusion that the second Wylie affidavit was insufficient to defeat the grant of summary judgment to Goodell.

{¶ 25} Motorists' arguments relating to Pasquale's status changed over the course of this case. It first admitted only that Pasquale was permitted to work on company vehicles at the company shop while Goodell sought to classify Pasquale as a "volunteer" employee based on facts attested to in Goodell's first affidavit. While Motorists later asserted in its first motion for summary judgment that Pasquale was a "co-employee," and two exclusions barred recovery, Motorists did not submit any evidence of Pasquale's

10.

employment status. Goodell, however, presented evidence (through Goodell's second affidavit) that Pasquale was at the shop on a daily basis, used company trucks with Wylie's permission, and was not a co-employee. Motorists continued to argue there was no evidence that Pasquale was a "volunteer employee." It was not until after Goodell filed his second motion for summary judgment (based on the trial court's denial of summary judgment to Motorists and its finding of coverage under the auto and umbrella policies) that Motorists presented evidence that Pasquale was acting as an hourly-paid employee at the time of the accident by means of Wylie's second affidavit.

{¶ 26} Motorists argues this case is distinguishable from prior cases where a baldly-contradictory affidavit was not considered sufficient evidence to overcome summary judgment. *Kott Ents., Ltd. v. McClain*, 6th Dist. Lucas No. L-15-1086, 2016-Ohio-325, ¶ 25; *Huntington Natl. Bank v. Belcher*, 6th Dist. Wood No. WD-11-055, 2012-Ohio-3731, ¶ 13. Motorists asserts that because Goodell has argued Pasquale was a "volunteer worker" and attested that Pasquale was on the premises daily and performed some work for Wylie & Sons, the second Wylie affidavit was not contradictory and only further supported the fact that Pasquale was an employee. We disagree. We find the second Wylie affidavit was contradictory to the prior evidence in the record, which consisted only of the admissions, Goodell's two affidavits, and Wylie's first affidavit. An assertion that Pasquale was a volunteer employee or an independent contractor is not the equivalent of the assertion he was a co-employee.

11.

{¶ 27} Motorists also argues Wylie's second affidavit was at least sufficient to demonstrate there was a genuine issue of a material fact to warrant a trial. We disagree. Even in his second affidavit, we note that Wylie attested only that Pasquale "acted as an employee" at the time of the accident and was being paid on an hourly basis. The affidavit did not include readily-available documentary evidence to support the assertion that Pasquale was an actual employee. We conclude that the second Wylie affidavit, in light of the other evidence, did not conclusively state Pasquale was an employee. Therefore, we conclude that the second Wylie affidavit, even if were admissible, does not raise a genuine issue of material fact regarding as to whether Pasquale was a co-employee.

{¶ 28} Therefore, we find Motorists' second assignment of error not well-taken.

**Assignment of Error No. 3**

{¶ 29} In its third assignment of error, Motorists argues the trial court erred by denying Motorists' renewed motion for summary judgment based upon the fellow employee exclusion and the Wylie affidavit.

{¶ 30} The substance of this argument is that the trial court should have considered Wylie's second affidavit, an issue already addressed under Motorists' second assignment of error and rejected. The trial court denied Motorists' motion to renew its motion for summary judgment as moot on the basis that the court was granting summary judgment to Goodell based on the evidence submitted in connection with Motorists' prior motion for summary judgment. Motorists has failed to demonstrate that the trial court

12.

erred in finding the motion moot.  Therefore, we find Motorists' third assignment of error not well-taken.

**Assignment of Error No. 1**

{¶ 31} Motorists makes several arguments in its first assignment of error that the trial court erred by denying summary judgment to Motorists and granting summary judgment to Goodell based on its finding that the workers' compensation and employer's liability exclusions were not applicable and that Goodell was entitled to coverage under the auto and umbrella policies.

{¶ 32} Insurance policies are contracts and the general rules of contract interpretation apply to them.  *World Harvest Church v. Grange Mut. Cas. Co*., 148 Ohio St.3d 11, 2016-Ohio-2913, 68 N.E.3d 738, ¶ 28; *Ward v. United Foundries, Inc*., 129 Ohio St.3d 292, 2011-Ohio-3176, 951 N.E.2d 770, ¶ 18.  The contract is read as a whole, with the endorsement as part of the contract policy.  *Id*., citing *Penn Traffic Co. v. AIU Ins. Co*., 99 Ohio St.3d 227, 2003-Ohio-3373, 790 N.E.2d 1199, ¶ 9.  As with any contract, the intent of the parties is presumed to lie in the language used by the parties in the policy unless the language is ambiguous.  *Id*.  Where the language is clear and unambiguous, the court must merely apply the plain and ordinary meaning of the language to give effect to the clear intent of the parties and does not apply the rules of interpretation or construction. *Sharonville v. Am. Emp. Ins. Co*., 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833, ¶ 6; *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 11; *Penn Traffic* at ¶ 9.  Exclusions are to be

13.

construed to bar coverage only as "to that which is *clearly* intended to be excluded."

*World Harvest*, quoting *Hybud Equip. Corp. v. Sphere Drake Ins. Co.*, *Ltd.*, 64 Ohio St.3d 657, 665, 597 N.E.2d 1096 (1992).

{¶ 33} The following are the relevant portions of the auto policy at issue (the umbrella policy contains similar language). The introduction to the auto policy defines "you" and "your" as the "Named Insured." Under the liability coverage provisions, the policy defines an "insured" as "[y]ou * * *" or "[a]nyone else while using with your permission a covered 'auto' you own * * *." The policy also includes a severability clause, which provides that "* * * with respect to the Limit of insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or 'suit' is brought." Also at issue are the following three exclusions in the policy which preclude coverage under certain circumstances: The workers' compensation exclusion bars coverage for:

> Any obligation for which the '"insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

The employee indemnification and employer's liability exclusion excludes coverage for:

> "Bodily injury" to:
>
> a. An "employee" of the "insured" arising out of and in the course of:

14.

(1) Employment by the "insured"; or

(2) Performing the duties related to the conduct of the "insured's" business; or

* * *

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

{¶ 34} It is undisputed that Goodell received workers' compensation benefits for his injuries and that Pasquale was an insured under the policies. Goodell argues the workers' compensation and employer liability exclusions do not apply to Goodell's claims because Pasquale is not Goodell's employer and Pasquale did not incur any liability for the workers' compensation benefits Goodell received.

{¶ 35} Motorists first argues these two exclusions create a blanket exclusion for all injuries to employees arising out of and in the course of employment because such injuries are already covered by workers' compensation and the purpose of a general liability policy is to insure losses to third parties. Motorists cites *United States Liab. Ins. Co. v. Benchmark Constr. Servs.*, 797 F.3d 116, 122 (1st Cir.2015) (citation omitted). We find this case distinguishable, however, because the case before us involves coverage

15.

under only the auto policy, not a commercial general liability policy. The language of the general liability and auto policies are different in the case before us.

{¶ 36} Second, Motorists argues the "insured" language in the workers' compensation exclusion refers to the "named insured," Wylie & Sons, not Pasquale. Therefore, Motorists argues, the workers' compensation exclusion is unambiguous and bars Goodell's recovery under the auto policy. Motorists relies upon *Crum & Forster Indemn. Co. v. Ameritemps, Inc*., 2012-Ohio-4160, 976 N.E.2d 957 (8th Dist.), which relied upon the holding in *Sharp v. Thompson*, 5th Dist. Knox No. 07CA00016, 2008-Ohio-4990, ¶ 19, 23.

{¶ 37} In the *Crum* case, an employee sued the employer for coverage under a commercial general liability policy for injury caused by a co-employee. *Id*. at ¶ 2. The appellate court held the workers' compensation and scope of employment exclusions barred coverage. *Id*. at ¶ 20. Likewise, the *Sharp* case involved an employee suing his employer for injuries sustained while on the job. *Id*. at ¶ 3-4. Both of these cases are distinguishable on their facts. In the case before us, the employee of the named insured sued only the tortfeasor who is separately insured under the employer's auto policy.

{¶ 38} A court's role on summary judgment is merely to apply the unambiguous insurance provisions as written, irrespective of the purpose behind including workers' compensation and employer liability exclusions. Motorists' arguments are premised on a reading of the policy that presumes that the named insured, Wylie & Sons, was the only possible insured under the policy. The auto policy before us clearly names Pasquale as

16.

an insured. We also agree with the trial court that the plain language of the entire auto policy, including the severability clause and exclusions, provides that coverage is barred under the policy only when an injured employee sues his employer. Pasquale, the "insured," is not Goodell's employer and, therefore is not subject to the workers' compensation statutes and Goodell's injuries did not arise out of the insured's (Pasquale's) business. Therefore, we agree with the trial court that the plain language of the auto policy provides that neither exclusion applies to Pasquale's liability. Our holding that we must apply the contract language as written is consistent with the holdings in *Mendoza v. Bishop*, 12th Dist. Butler No. CA2004-04-080; 2005-Ohio-238, ¶ 66-68; *Motorists Ins. Cos. v. BFI Waste Mgt.*, 133 Ohio App.3d 368, 376-377, 728 N.E.2d 31 (2d Dist.1999); *Travelers Ins. Co. v. Auto-Owners (Mut.) Ins. Co.*, 1 Ohio App.2d 65, 71-72, 203 N.E.2d 846 (10th Dist.1964).

{¶ 39} Alternatively, Motorists argues that even if Pasquale is the insured, the workers' compensation exclusion still applies because either Pasquale, as the insured, or Motorists, as the "insured's insurer," would have an obligation to reimburse the Bureau of Workers' Compensation Bureau as a statutory subrogee pursuant to R.C. 4123.931(A). Motorists does not cite any case in support of its argument and we reject it. The workers' compensation exclusion applies to an insured who could be held "liable" under the workers' compensation law to participate in the workers' compensation system. That exclusion does not apply to Pasquale. R.C. 4123.931 gives the statutory subrogee (the administrator of the bureau or certain employers) the right to recover settlements or

17.

judgments an employee received from a third-party tortfeasor. That right is derived from the right of the injured employee to recover damages from the tortfeasor and his insurer, not from any liability of the tortfeasor.

{¶ 40} Third, Motorists argues the employer liability exclusion applies even if Pasquale is the insured because it excludes coverage for employees injured in the course and scope of their employment. We disagree with this argument because the language of the exclusion requires the injured party to be in the course and scope of his employment of the *insured*. In this case the insured is Pasquale, not Wylie & Sons. While it is undisputed that Goodell was injured while he was working for Wylie & Sons, the exclusion only bars recovery by employees of the insured, Pasquale. Therefore, the exclusion is not triggered in this case. The cases cited by Motorists on this issue are distinguishable on their facts because they involve employees suing their employer. *Crum*, 2012-Ohio-4160, 976 N.E.2d 957; *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345 (2d Dist.), ¶ 3-4 *Skula v. Nationwide Ins. Co.*, 8th Dist. Cuyahoga No. 65486, 1994 Ohio App. LEXIS 1929 (May 5, 1994), *2-3.

{¶ 41} Fourth, Motorists argues that the trial court erred in relying upon *BFI*, 133 Ohio App.3d 368, 728 N.E.2d 31, because the *BFI* court did not address the application of *Cook v. Kozell*, 176 Ohio St. 332, 336, 199 N.E.2d 566 (1964) (a non-party to the insurance contract cannot assert an interpretation detrimental to the contracting parties). We find this argument meritless because we found the language of the contract was unambiguous and, therefore, we are not interpreting the contract. Rather, we are

18.

applying the language of the contract as written under the general rule that the parties to the contract intended the language they employed. *Lutz v. Chesapeake Appalachia, L.L.C.*, 148 Ohio St.3d 524, 2016-Ohio-7549, 71 N.E.3d 1010, ¶ 9.

{¶ 42} Finally, Motorists argues the trial court did not consider the effect of the severability clause upon the exclusions. Severability clauses are added to policies to ensure that each individual insured under the policy has a separate insurable interest. *Safeco Ins. Co. of Am. v. White*, 122 Ohio St.3d 562, 2009-Ohio-3718, 913 N.E.2d 426, ¶ 68, O'Donnell, Jr., concurring in part and dissenting in part (citations omitted); *Liberty Univ., Inc. v. Citizens Ins. Co. of Am.*, 792 F.3d 520, 526 (4th Cir.2015).

{¶ 43} Motorists asserts that the trial court's holding created a "backdoor" recovery for an employee's workplace bodily injury and circumvents the purpose of the exclusions and requires the employer to pay a premium for coverage that was not intended. Therefore, Motorists argues the exclusions should prevail over the severability clause and exclude coverage for employment injuries. Motorists argues this case is similar to cases where a policy exclusion is written in terms of the actions of "an insured" and/or "any insured," and the severability clauses is found to be ambiguous and the exclusion applies as intended by the parties or the exclusion overrides the severability clause. *See Safeco* at ¶ 42, 69-71; *Reconciling the Irreconcilable Conflict in Insurance Severability of Interests Clause Interpretation,* 20 Conn.Ins.L.J. 61, 68 (2013).

19.

**{¶ 44}** We find the case before us is distinguishable because the exclusions in this case use the phrase "the insured" and "the insurer," which refers to one individual and thus are consistent with the severability clause. *Safeco Ins.* at ¶ 61. *Accord Shelby Mut. Ins. Co. v. Schuitema*, 183 So.2d 571, 574 (Fla.App.1966), *aff'd on appeal*, 193 So.2d 435 (Fla.1967) (an employee exclusion, which denied coverage to "employees of the insured" injured on the job and covered by workers' compensation law was not applicable to a potential buyer who caused injury to a car salesperson while the potential buyer was in an automobile for sale because the dealership policy defined "insured" as also including anyone using a covered automobile with permission of the named insured (a/k/a the omnibus insured) and the exclusion language limited the exclusion to the named insured (the dealership)). *See also Travelers Home & Marine Ins. Co. v. Stahley*, 239 F.Supp.3d 866, 874-875, fn. 58 (E.D.Pa.2017) ("any insured" creates a joint liability unlike "the insured" which is consistent with the severability clause) and *Michael Carbone, Inc. v. Gen. Acc. Ins. Co.*, 937 F.Supp. 413, 420 (E.D.Pa.1996) (in dicta the court stated that "where a policy exclusion refers to 'the insured,' the existence of a severability clause further supports the interpretation of each insured as separate").

**{¶ 45}** Application of the severability clause is altered, however, where the exclusion covers both the named insured and the fellow employee/omnibus insured. *Oppenheim v. Reliance Ins. Co.*, 804 F.Supp. 305, 310 (M.D.Fla.1992) (employee's claim against a supervisor, rather than their employer for a work-related injury was barred by the workers' compensation and fellow-employee exclusions because the policy

20.

prohibited recovery when the employee was covered under the workers' compensation system).

{¶ 46} In the case before us, the exclusions apply only to "the insured."  Pursuant to the severability clause, "the insured" is either the named insured or Pasquale as the omnibus insured.  Each insured is considered individually as to whether the exclusion applies and the language clearly applies the exclusions to Wylie & Sons but not Pasquale because he is not Goodell's employer.

{¶ 47} Motorists argues the result of this application is that greater coverage is provided for an omnibus insured than the named insured who purchased the policy.  We disagree.  Ohio has a compulsory contribution system to compensate injured workers which requires employers must maintain workers' compensation insurance, R.C. Chapter 4123, and, therefore, the named insured need not separately insure against injury to employees under a commercial general liability policy.  However, Wylie & Sons also obtained an automobile policy to cover potential liability arising out of the use of a company vehicle by any person permitted to use the vehicle.  Motorists drafted the policy language of the policy so that it permitted Goodell to recover perhaps more than if had he been injured by a fellow employee.  We cannot alter the clear language of the policy.

{¶ 48} Therefore, we conclude that Motorists' first assignment of error is not well-taken.

21.

**{¶ 49}** Having found that the trial court did not commit error prejudicial to Motorists and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas is affirmed.  Motorists is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE